[Crim. No. 3793. In Bank.—December 13, 1934.]

THE PEOPLE, Respondent, v. T. BEN MELDRUM, Appellant.

S. S. Hahn and W. O. Gray for Appellant.

U. S. Webb, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

WASTE, C. J.—In an information filed by the district attorney of Los Angeles County the appellant was charged

with the crime of forgery. He was tried and convicted, and appeals from the order denying his motion for a new trial.

The record discloses that appellant and one Frances M. Boon promoted a corporation known as the Hollywood Vogue, Inc. They, with three employees who apparently had no financial interest in the company, were named as directors in the articles of incorporation. There was an agreement between appellant and Mrs. Boon to the effect that neither should draw a fixed salary, but that each from time to time as business permitted should draw an equal amount. A bank account was opened with the Bank of America in the name of Hollywood Vogue, Inc. On the signature card filed with the bank is printed a copy of what purports to be a resolution adopted by the board of directors authorizing the establishment of the account and further authorizing the appellant as president and Mrs. Boon as vice-president or B. S. Duper as secretary, to withdraw corporate funds from the account. On the reverse side of the card appear the signatures of these corporate officers. During the course of the trial a bank employee testified that two of the above signatures were required on all checks. However, this same witness identified other checks, introduced in evidence by the appellant, that had been recognized and cashed by the bank though signed by the appellant alone.

On August 23, 1933, Mrs. Boon requested appellant to sign with her a check for ten dollars for her personal account. He agreed to this, provided she would in turn sign a check for a like amount payable to him. Two checks were thereupon drawn, each for ten dollars, one payable to appellant and the other to Frances M. Boon. Before presenting his check for payment appellant admittedly altered it so as to call for the payment of fifty dollars and thereafter cashed it. This admitted act of altering and cashing the check as altered led to the charge of forgery of' which appellant now stands convicted.

 Section 470 of the Penal Code provides, in part, that ''every person who, with intent to defraud, . . . alters . . . any . . . check . . . or . . . passes . . . as true and genuine any of the above named . . . altered . . . matters as above specified and described, knowing the same to be . . . altered . . . with intent to defraud any person . . . is guilty of for-

gery.'' As is readily apparent from the section, the intent
to defraud is an essential and important element of the
offense. In the record now before us the evidence addressed
to this issue is in conflict. The prosecution offered in
evidence the altered check and the signature card above
referred to, and produced other testimony tending to indi-
cate that the check had been altered without Mrs. Boon's
knowledge or consent. The appellant took the stand and
testified that he had altered the check in order to cause his
withdrawals to more nearly approximate those of Mrs. Boon,
but declared that he did so in her presence without the
intent to defraud and under the belief that he had author-
ity so to do. In support thereof he produced in evidence
other canceled checks signed by him alone and drawn on
the account of Hollywood Vogue, Inc., and in addition a
canceled check signed by him as president and Mrs. Boon
as vice-president that passed unquestioned through the
bank, though bearing an obvious alteration on its face. A
penciled memorandum, signed by appellant and Mrs. Boon
and bearing date March 6, 1933, was next offered by appel-
lant and admitted in evidence by the court as having some
bearing on the issue of intent. It reads in part: ''Until
such time as T. B. M. (appellant's initials) has been re-
imbursed for all moneys he has advanced to Hollywood
Vogue, he may at any time draw checks for full amount
thereof, to which I hereby give my full consent, provided
sufficient funds are on deposit in the company account at
that time. This also applies to money advanced to me per-
sonally.'' Appellant also offered in evidence what pur-
ported to be a copy of the by-laws of Hollywood Vogue,
Inc., wherein he was authorized, as president thereof, to
withdraw funds, without supporting signatures, from the
corporate bank account. The proffered offer was rejected
on the ground of immateriality. This ruling, in our opin-
ion, constituted prejudicial error. The evidence directed
to the issue of fraudulent intent being in sharp conflict and
the bank having recognized other checks drawn by appellant
alone, the trial court should have admitted in evidence a
copy of the by-laws purporting to authorize appellant alone
to draw on the corporate funds. Such authorization, if
shown to the jury, undoubtedly would have had a material

bearing on its disposition of the issue of intent and might reasonably have caused it to determine that appellant, having assumed from such authorization that he alone had authority to draw corporate checks, had altered the same without intending to injure or defraud anyone. The weight to be attached to such evidence was, of course, for the jury's determination.

Our conclusion makes it unnecessary to determine the question propounded by appellant, viz., whether "three directors, acting independently of the corporation, can by their declaration, written or otherwise, alter the by-laws of the corporation, or change the duties and responsibilities of the president of the corporation". Regardless of the solution of the foregoing query, the by-laws were admissible, as stated, as having some bearing upon the issue of intent.

The order denying a new trial is reversed.

Langdon, J., Preston, J., Shenk, J., Curtis, J., and Seawell, J., concurred.